UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KATHLEEN MARIE MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 14-007-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Kathleen Marie Martin (hereafter, "Martin" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 8, 9] Martin argues that the administrative law judge ("ALJ") assigned to her case erred in finding that she is not entitled to a period of disability and Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). She seeks reversal of the ALJ's decision and remand for an award of benefits. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Martin.

**I.**

On August 24, 2011, Martin filed an application for DIB alleging a disability beginning May 1, 2009. [Record No. 6-1, Administrative Transcript, "Tr.," at p. 96] Martin's claims were initially denied. Martin, along with her attorney at the time, Jonathan Mallin, and vocational expert ("VE") Zachary Matthews appeared before ALJ Henry Perez,

Jr. on September 11, 2012, for an administrative hearing.  [Tr., p. 13]  In a decision dated October 23, 2012, ALJ Perez found that Martin was not disabled under sections 216(i) and 223(d) of the Act.  [Tr., pp. 13–21]

Martin was 38 years old when her alleged disability began on May 1, 2009, and 42 years old at the time of the ALJ's decision.  [Tr., pp. 10, 96]  Martin completed two years of college and previously worked as a mortgage and real estate processor.  [Tr., p. 114]  She alleges that she is unable to work due to fibromyalgia, chronic fatigue syndrome, back and neck pain, depression, and anxiety.  [*See* Tr., p. 113; Record No. 8-1, p. 3]

After reviewing the record and considering the testimony presented during the administrative hearing, the ALJ concluded that Martin suffers from medically determinable impairments of fibromyalgia, chronic fatigue syndrome, arthritis, back and neck pain, temporomandibular joint disorder ("TMJ"), hypothyroidism, depression, and anxiety.  [Tr., p. 15, Finding No. 3].  None of these impairments, however, qualified as severe impairments because they did not significantly limited her ability to perform basic work activities.  [Tr., pp. 15–21, Finding No. 4]  As a result, the ALJ determined that Martin was not disabled from May 1, 2009, through October 23, 2012, the date of the administrative decision.  [Tr., p. 22, Finding No. 5]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *Combs v.*

*Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

Martin's motion to reverse or remand the Commissioner's decision relies on three separate but interrelated issues. She argues that the ALJ erred by: (i) finding that she did not have a severe impairment, particularly that her fibromyalgia was not a severe impairment; (ii) discounting her credibility; and (iii) giving little weight to her treating physician's findings.

Establishing a severe impairment "has been construed as a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (citations omitted). "An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's] physical or mental ability to perform basic work activities," which are the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), (b). Martin bears the burden to prove the severity of her impairments. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). This requirement allows for the "threshold dismissal of claims obviously lacking medical merit." *Id.* at 862.

The evidence in this case does not support a finding that Martin's conditions are severe impairments.[1] With breaks, Martin is able to perform a number of activities. She can do laundry, clean the kitchen and bathroom, and prepare simple meals. [Tr., p. 137–38] When feeling well, Martin will go on errands or appointments alone. [Tr., p. 139] "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, or work experience." *Id.* at 862. (quoting *Farris v. Sec. of Health and Human Servs.*, 773 F.2d 85, 89–90 (6th Cir. 1985)). While Martin suffers from a number of medically determinable impairments, "mere diagnosis . . . says nothing about the severity of a condition." *Id.* at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)).

---

[1] Martin also pointed to other diagnoses in support of her disability. She alleges that she is disabled due to hypothyroidism, but does not identify any impairments or limitations caused by this condition and it is successfully managed with medication. [*See*, *e.g.*, Tr., p. 188; Record No. 8-1, p. 5]. While Martin originally identified TMJ and hypertension in her application, those arguments have not been developed and have been waived. [Record 8-1, p. 5]; *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 454, 466 (6th Cir. 2003). Nonetheless, in the absence of any evidence demonstrating that a particular condition caused any functional limitations, the ALJ reasonably determined that it was non-severe. *Higgs*, 880 F.2d at 863; *See* 20 C.F.R. § 404.1512(a).

Martin claims that she is disabled due to arthritis and back and neck pain. The medical evidence of record shows that Martin complained of joint pain and reported that she had previously been diagnosed with osteoarthritis. [Tr., pp. 382, 396] However, she does not point to a particular location of her arthritis pain and has not presented particular evidence of the diagnosis. While she claims that x-rays were performed by Dr. Herringshaw, they were not located in the record. [Tr., p. 17] And the radiological examinations found in the record do not support her claims. Views of Martin's cervical, thoracic, and dorsal spine only revealed "minimal degenerative changes." [Tr., pp. 290, 293–94] Similarly, radiological examinations of Martin's left ankle, left foot, and right hand were all normal. [Tr., pp. 295-96]

In summary, there is no objective evidence in the record to support a finding that Martin's arthritis or neck and back pain are severe impairments. The same may be said for Martin's chronic fatigue syndrome ("CFS"). Martin was diagnosed with CFS in September 2011, but there are no resulting limitations identified in the record. [Tr., pp. 216–17, 434–45] Without additional information to determine the severity of Martin's CFS, the ALJ properly concluded that it was not a severe impairment.

In addition to her physical conditions, Martin suffers from depression and anxiety. [Tr., pp. 329–48] Her diagnosis is Adjustment Disorder with Mixed Emotions (309.28) and Major Depressive Disorder (296.32). [Tr., p. 346] Martin has suffered from depression from an early age. The record indicates that she has difficulty in social situations due to low self-esteem. [Tr., p. 340] Martin is treated with counseling and prescribed anti-depressant medications.

Dr. Pamela Herringshaw conducted a psychological consultative exam in 2011. Martin correctly points out that Dr. Herringshaw felt that Martin's prognosis was "fair to poor" at the time of the examination. Martin has consistently been assessed a GAF score of about 50 points by several providers which is consistent with the ability to work. [Tr., p. 18]; s*ee Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). The treatment records containing this GAF score did not identify any limitations in Martin's social, occupational, or school functioning caused by her mental impairments. [S*ee*, *e.g.*, Tr., pp. 329–31] The GAF score described Martin's symptoms, rather than her limitations. [*Id.*] Symptoms are subjection complaints about a claimant's condition, and cannot be the basis for a finding of disability. *See* 20 C.F.R. §§ 404.1528(a) ("Symptoms are [a claimant's] description of [his or her] physical or mental impairment"), 404.1529(a) ("[S]tatements about [Claimant's] pain or other symptoms will not alone establish that [Claimant is] disabled").

Martin relies on Dr. Herringshaw's discussion of her prognosis of the future course of Martin's impairments. [*see* Tr., p. 388] But Dr. Herringshaw did not identify any limitations imposed by those impairments. [Tr., pp. 381–88] Contrary to Martin's representations, the evidence in the record does not show that her mental impairments caused significant limitations. For instance, Dr. Benjamin Song observed on February 1, 2011, that Martin was "alert and happy." [Tr., p. 310] Martin herself reported that she took care of her husband, children, and a dog, and could cook with assistance. [Tr., p. 137] She also does laundry. [Tr., p. 137] Martin reported that she attended church, spoke with family members on the phone, and went grocery shopping. [Tr., pp. 139–40] The ALJ reasonably concluded that these activities demonstrate that her depression and anxiety ware not severe impairments that would prevent her from working. [Tr., pp. 18–19]

The GAF score provided was consistent with those assigned by other health providers and did indicate the ability to work. The ALJ considered Dr. Herringshaw's opinion and properly assigned it some weight. Martin was affected by her anxiety and depression, but the record does not support a finding that her ability to work was impacted by these impairments.

Martin focuses her argument on the ALJ's determination that her fibromyalgia was not a severe impairment. *Stankoski v. Astrue*, 532 F. App'x 614, 619 (6th Cir. 2013) ("[A] diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits."). Impairment must be established through medical evidence "consisting of signs, symptoms, and laboratory findings, not only by claimant's statement of symptoms." *Roberts v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). However, fibromyalgia is unique. "[U]nlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs." *Id.* "'Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [Martin] is one of the minority.'" *Vance v. Comm'r*, 260 F. App'x at 806 (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *Torres v. Comm'r*, 490 F. App'x 748, 754 (6th Cir. 2012) (same). Martin's medical records fail to support her allegation that fibromyalgia is a severe impairment causing her to be disabled.

Martin also argues that the ALJ erred by "ignoring" Martin's testimony about her symptoms during the administrative hearing. The ALJ considered Martin's testimony, noting that Martin testified that she was in constant pain, that medication helped "take the edge" off of her pain, and that she was able to do household chores, albeit with pain and with periods of rest. [Tr., pp. 16–20] The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses. *Bradley v. Sec'y of Health and Human Servs*, 862

F.2d 1224, 1227 (6th Cir. 1988) (citing *Kirk v. Sec'y of Health and Human Servs*, 667 F.2d 524, 538 (6th Cir. 1981)).

An ALJ's conclusions regarding credibility should be highly regarded. *Id.* However, a blanket assertion that the claimant is not believable will not pass muster. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007). In this case, the ALJ did not "ignore" Martin's testimony, but found that her testimony regarding her impairments and resulting limitations was "not fully credible" based, at least in part, on Martin's own conflicting statements. The ALJ noted that,

> [o]n September 22, 2011, [Martin] reported that she could not sit or stand in any position for long periods of time, because of her pain. However, a few weeks later, during an October 11, 2011 appointment at the Oakland Psychological Clinic, Claimant reported that due to her Wellbutrin she was losing weight and increasing her activity level, when she had previously reported that movement causes pain and fatigue. Further she also testified that she cannot cook, but reported on September 22, 2011, that she can and does cook. The medical evidence of record and hearing testimony indicate no precipitating even that would have altered her abilities and made her limitations more restrictive at that time.

[Tr., p. 19] (citations to record omitted). Throughout his opinion, the ALJ noted inconsistencies within Martin's own statements of her abilities. Martin testified that she was in pain, but that she could independently complete many tasks and errands, albeit with rest. There is sufficient evidence in the record in the form of Martin's own statements, as well as the observations of her treating and consulting examiners, to support a finding that Martin can and does perform a wide range of tasks.

The ALJ determined that Martin's fibromyalgia was not severe based on the lack of limitations found in her medical record. Martin argues that the ALJ erred by "discount[ing] the diagnosis because 'there was no record of pressure point testing until August 27, 2012.'"

[Tr., p. 17] To the contrary, the ALJ did not "discount" the diagnosis on this basis. Although Martin's treating physician Dr. Ruth Kozlowski diagnosed Martin with fibromyalgia in 2011, Dr. Kozlowski did not limit her activities or document any limitations resulting from Martin's diagnosis until April 2012. It was then when Dr. Kozlowski was asked to fill-out a medical statement by Martin's attorney, that the doctor finally assigned limitations due to Martin's fibromyalgia diagnosis. [Tr., pp. 478–79] Dr. Kozlowski also performed pressure point testing at that time. [*Id.*] Martin argues that Dr. Kozlowski's opinion should have been afforded greater weight. However, Martin does not point to any support for Dr. Kozlowski's opinion of Martin's limitations in the record.

A treating source's medical opinion will be given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); SSR 96-2p, 1996 WL 374188. However, if the treating source's opinion is not entitled to controlling weight, this does not necessarily mean that the opinion should be completely rejected. Rather, the ALJ must determine what weight to give the opinion by considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Additionally, the ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 404.1527(c)(2). As this Court has acknowledged on numerous occasions, an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs."). Notwithstanding the deference given to the medical opinion of the treating physician, the ultimate decision on disability rests with the ALJ. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). Moreover, the regulations provide that a physician's opinion regarding whether a claimant is disabled or unable to work will be given no "special significance." 20 C.F.R. § 404.1527(d)(3).

Martin argues that the ALJ erred by failing to accept Dr. Kozlowski's medical statement of limitations because the doctor's treatment records supported diagnosis and treatment for fibromyalgia. In the referenced statement, Dr. Kozlowski found that Martin could not work, stand, sit, lift, bend, stoop, or raise her arms over her shoulders at all during the course of a workday. [Tr., p. 478–79] The ALJ agreed that Martin's records supported a diagnosis and treatment for fibromyalgia. That issue is not in dispute. However, the ALJ correctly afforded Dr. Kozlowski's opinion "little weight" because the medical evidence and Dr. Kozlowski's own records failed to support the summary conclusions reached this checklist form.

The Sixth Circuit has found that, "[w]hen doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated

with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923 (6th Cir. 2007) (citing *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir.2001)). Here, the ALJ found that "Dr. Kozlowski's notes are replete with the diagnosis of fibromyalgia but devoid of any restrictions or limitations. The notes vaguely reference 'constant pain' or 'fatigue' but fail to specify where, when, and their consequences." [Tr., p. 20] Thus, the ALJ considered and accepted Dr. Kozlowski's opinion but rejected the particular limitations assigned because they were not supported by this treating physician's treatment records. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993) ("This court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence."). Dr. Kozlowski's treatment notes do not include any limitations for Martin caused by her medically determinable impairments. [Tr. 19–20; *see* Tr. 216–59, 430–45, 480–85] This lack of supporting documentation provided substantial evidence to support the ALJ's decision to give Dr. Kozlowski's opinion little weight. [Tr., p. 20]; *See* 20 C.F.R. § 404.1527(c)(3).

Moreover, as the ALJ observed, Dr. Kozlowski's opinion was inconsistent with the other record evidence. [Tr., p. 20]; *See* 20 C.F.R. § 404.1527(c)(4) (opinions that are consistent with the record as a whole are entitled to more weight). The ALJ noted Dr. Thomas Tsai, a state agency physician, opined that there was insufficient medical evidence to support Martin's alleged limitations. [*see* Tr., pp. 20, 44–45] Moreover, consulting physicians who also saw Martin also did not identify any significant limitations. [Tr., pp. 310, 211–12] Dr. Kozlowski's opinion contained in the checklist form was inconsistent with

the evidence of record as a whole as well as her own records. The ALJ did not err by giving Dr. Kozlowski's conclusion "little" weight. [Tr., pp. 20]; s*ee* 20 C.F.R. § 404.1527(c)(4). Accordingly, there is sufficient evidence in the record supporting the ALJ's findings that Martin does not have severe impairments or a combination of impairments and that she was not disabled from May 1, 2009 through October 23, 2012.

In summary, Martin has failed to establish that she suffers from a severe impairment. Considering the record as a whole, the ALJ assigned appropriate weight to Martin's testimony and the conclusions of Martin's treating physicians. While she has been diagnosed with several conditions, there is little evidence in the record that those impairments significantly limit her ability to perform basic work activities. Accordingly, the ALJ's decision will be upheld.

**IV.**

Although Martin suffers from medically determinable impairments, she has not established that she is disabled as defined by the Act. The ALJ did not err in his evaluation of Martin's case. Instead, his decision is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Kathleen Martin's Motion for Summary Judgment [Record No. 8] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 9] is **GRANTED**.

3. The decision of Administrative Law Judge Henry Perez, Jr. will be **AFFIRMED** by separate Judgment entered on this date.

This 22nd day of October, 2014.



Signed By:

*Danny C. Reeves*  DCR

United States District Judge